No. 282

WIEMER CO. v. WISE CO.

Ohio Appeals, 9th Dist., Summit County
No. 747. Decided Nov. 26, 1923

1227. WORDS AND PHRASES—"Other places" in ordinance prohibiting fires in streets, alleys or other places, is restricted to public places and does not apply to private places.

874. ORDINANCES—Requiring permission of chief of police to start fires in streets, etc., is delegation of legislative power invalidating ordinance.

751. MASTER AND SERVANT—Inference that driver of truck bearing name of defendant does not justify inference that he was employed to start fire damaging plaintiff.

829. NEGLIGENCE—Charging negligence to be want of ordinary care is inadequate when negligence is gist of action.

WASHBURN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Summit Common Pleas wherein the Wise Furnace Co. was plaintiff and the E. H. Wiemer Co. was defendant. A fire built upon a vacant lot which lay between the two companies spread to plaintiff's property and caused the loss complained of. It was alleged that defendant

## STATE COURT OF APPEALS—Continued

company negligently started the fire. Verdict and judgment being rendered for plaintiff, defendant prosecuted error, contending first, that the trial court erred in admitting in evidence an ordinance of the city forbidding the kindling of "any fire in or upon any of the streets, alleys, park or other places within two hundred feet of any building, without permission given by the chief of the fire department."

Second, that the evidence was insufficient to sustain the verdict, and, third, that the court erred in charging the jury. The Court of Appeals held:

1. The ordinance was improperly admitted because "other places" means other public places and not private porperty. General words following particular and specific words must be confined to the same kind as those specified, 38 OS. 659. Moreover the validity of the ordinance may be doubted because of its attempted delegation of legislative authority to the chief of police. See 107 OS. 223.

2. The only evidence to show that defendant company kindled the fire was that a man driving a truck on which was the name of defendant company drove onto the lot, dumped some rubbish and set it on fire. Proof of the fact, by interfence, that defendant owned the truck would not justify the further inference that the driver was in the employ of defendant and acting within the scope of his employment, 107 OS. 204.

3. In the charge to the jury the trial court omitted the subject of negligence until requested to charge on that subject, and to that request the court simply said to the jury: "Negligence is the want of ordinary care." That was not an adequate response in view of the fact that negligence was the gist of the action, 104 OS. 519. Judgment reversed and cause remanded.

Attorneys—Greenberger & Hotchkiss, for the Wiener Co.; Whittemore & Motz, for the Wise Co.; all of Akron.