**McDOUGALL, Appellant, v. GLENN CARTAGE CO., a Corp., Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24473.   Decided July 21, 1958.

Baker, Hostetler & Patterson, George N. Plavac, for appellant.
McConnell, Blackmore, Cory & Burke, for appellee.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, HORNBECK, J, of the Second District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

Raymond McDougall, in an action filed in the Common Pleas Court of Cuyahoga County, said that on October 29, 1952, he was forced off of the roadway of U. S. Route 5 near Dunkirk, New York, as a result of a slight contact between his truck and another motor vehicle known as "a straight job with four wheels."

This four-wheel straight job, which it was claimed was being operated partly on the left, or wrong, side of the highway, was identified by another truck driver, who said he saw it momentarily as it passed him on the roadway, as being a truck of the appellee, The Glenn Cartage Company. Nothing further concerning this truck, or its operator, that McDougall alleged forced him off the highway, was known, for the operator of that truck did not stop after that alleged contact between the vehicles.

After this evidence was introduced at the trial in the Court of Common Pleas of Cuyahoga County, Ohio, the trial judge directed a verdict in behalf of The Glenn Cartage Company. From the judgment entered on that verdict, McDougall appeals to this court on questions of law.

Counsel for McDougall say that there was sufficient evidence on all of the essential elements of the case to permit the matter to be submitted to a jury; and that the trial court, in any event, should have given full faith and credit to the law of the state of New York in determining whether a prima facie case had been established.

Counsel for McDougall insist that, when the effect of adopting the law of the forum is to defeat the claim of the litigant, then the law of the place where the injury occurred should be applied. Counsel for McDougall further say that, under the rule that the law of the place should be applied, a prima facie case against The Glenn Cartage Company has been established.

The facts in this case are so similar to those of the celebrated case of **Sobolovitz v. Lubric Oil Co., 107 Oh St 204,** that most of our questions herein are answerable by the following quotation from that case found at pages 208 and 209:

"The evidence in this case tends to prove that the truck bore a part of the name of the defendant company, upon which an inference of ownership might be predicated; but upon that inference it is sought to predicate the inference, that, since the truck was owned by the defendant, it, at the time of the injury, was being operated by a servant

of the defendant, and upon that or the same inference it is sought to predicate the further inference that it was being operated at the time in the furtherance of the business of the defendant.

"While it is true that a jury in the trial of civil cases deals with probabilities, it is limited in that respect to the ascertainment of the probable truth from the evidence and reasonable inferences deducible therefrom. An inference presupposes a premise from which it is deduced, and, as applied to evidence, the premise is some proven fact. The inference arises out of a process of reasoning, or from common experience, that when certain facts exist, certain other facts usually co-ordinate therewith, but we find no authority for basing an inference upon an inference, and it therefore does not follow that because one essential element of a right to recover may be inferred from proof that all other necessary elements to recover may be inferred therefrom.

"In the instant case the jury, in the absence of proof to the contrary, were justified in inferring the ownership of the truck by reason of the name of the defendant being upon it. But upon that inference it could not base an inference that the truck was being operated by a servant of the defendant, or that it was being operated in furtherance of the business of the defendant."

The quotation above, made in support of the correctness of the ruling made by the trial judge herein, is further fortified by the first paragraph of the syllabus of the case of **Halkias v. Wilkoff Co., 141 Oh St 139,** which says:

"1. Mere proof of ownership of an instrumentality is not sufficient to raise an inference that a person operating it is in the owner's employ for that purpose, and as such is, at any specific time, acting within the scope of his authority. To raise such an inference it must be shown, in addition to such ownership, not only that the operator is an employee of the owner but that he is employed generally in the business of his employer to operate such instrumentality."

See also: **Jackson v. Frederick, et al., Partners, etc., 152 Oh St 423. Wiemer Co. (Wiener Co.) v. Wise Co., 2 Abs 251.**

We realize that there are some states where, upon a showing that the vehicle involved in a collision was owned by the defendant, a prima facie case is made; Ohio, however, has never adopted such a rule; and, until it does depart from time-tested principles, this court will follow the established rules of procedure.

Questions of evidence, such as the sufficiency or quantum of evidence necessary to determine legal liability, are regarded as matters relating to remedy, and are in the great majority of jurisdictions to be governed by the lex fori.

We believe that, where it is necessary to use presumptions arising from the evidence in order to prove a case against a defendant, the law of the forum should be applied.

See: **11 Am. Jur., Conflict of Laws, Sec. 203; Frees v. Sullivan, 130 Oh St 486; Collins, a minor, v. McClure, 63 Oh Ap 312,** affirmed, **Collins, a minor, v. McClure, 143 Oh St 569; 9 O. Jur. 2nd, Conflict of Laws, Sec. 115.**

We therefore determine that the trial court did not commit error prejudicial to the substantial rights of the appellant, Raymond McDougall, when it directed a verdict for the appellee, The Glenn Cartage Company. The judgment of the trial court must therefore be affirmed.

Judgment affirmed.

DOYLE and HORNBECK, JJ, concur.